**GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
TODD KENNEDY (State Bar No. 250267)
MARIE A. MCCRARY (State Bar No. 262670)
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

Attorneys for Plaintiff Scott Miller

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SCOTT MILLER, an individual, on behalf of himself, the general public and those similarly situated,<br><br>      Plaintiff,<br><br>            v.<br><br>FUHU, INC.; FUHU HOLDINGS, INC.; and DOES 1-50,<br><br>      Defendants. | CASE NO. 14-cv-6119 CAS-AS<br><br>**MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>Assigned to Hon. Christina A. Snyder<br>Date:      September 22, 2014<br>Time:     10:00 a.m.<br>Place:     Ctrm 5, 2nd Floor |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**PLEASE TAKE NOTICE** that, on September 22, 2014, at 10:00 a.m. or as soon thereafter as counsel may be heard, in 312 North Spring Street Los Angeles, Ctrtm 5, 2nd Fl., Plaintiff Scott Miller ("Plaintiff") will move for an order striking the affirmative defenses raised in Defendants Fuhu, Inc. and Fuhu Holdings, Inc.'s Answer to Plaintiff's Complaint. The Motion will be made pursuant to Federal Rule of Civil Procedure 12 on the ground that Defendants' affirmative defenses are pled only in conclusory fashion and, thus, do not provide fair notice of Defendants' allegations.  The Motion will be made and based upon this Notice and the accompanying Memorandum of Points and Authorities; all of the pleadings, papers, and documents contained in the file of the within action; and such further evidence or argument as may be presented in support at or before the determination of the Motion.

This motion is made following the conference of counsel pursuant to L.R. 7 3, which took place on August 12 & 19, 2014.

Motion to Strike Defendants' Answer to Plaintiff's Complaint; Mem. of Points & Auth. in Support

1
2

# <u>TABLE OF CONTENTS</u>

3

I.   Introduction. ...........................................................................................5

4

II.   Statement of Facts. ..............................................................................5

5

III.   Argument. ..............................................................................................7

6

  A.  The Federal Standard for Granting a Motion to Strike Affirmative

7
      Defenses. ............................................................................................7

8

  B.  Defendants' Affirmative Defenses Do Not Provide Plaintiff with

9
      Fair Notice. .......................................................................................9

10

  C.  The Requirement To Plead Facts Supporting Each Defense Exists Even
      Though The Answer Was Filed Before Removal. .........................17

11

12

IV.  Conclusion. .........................................................................................19

13
14
15
16
17
18
19
20
21
22
23
24
25

Motion to Strike Defendants' Answer to Plaintiff's Complaint; Mem. of Points & Auth. in Support

## **TABLE OF AUTHORITIES**

**CASES**

*Advanced Cardiovascular Sys., Inc. v. Scimed Sys., Inc.*, 1996 WL 467277 (N.D. Cal. July 24, 1996) ...............................................................................8

*Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167 (N.D. Cal. 2010)..............................................................................7, 11

*Brother Records, Inc. v. Jardine*, 318 F.3d 900 (9th Cir. 2003)...…………….....11

*Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163 (2000)...............14

*EEOC & Gutierrez v. Interstate Hotels, L.L.C.*, 2005 U.S. Dist. LEXIS 45000 (N.D. Cal. April 14, 2005). ..............................................................10

*Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259 (E.D. Cal. 1987) 12

*FPI Dev., Inc. v. Nakashima*, 231 Cal. App. 3d 367 (1991) ...................................18

*Ganley v. County of San Mateo*, 2007 WL 902551 (N.D. Cal. Mar. 22, 2007) ........8

*Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647 (D. Kan. 2009) ...........................7

*Hynix Semiconductor Inc. v. Rambus Inc.*, 2007 U.S. Dist. LEXIS 97677 (N.D. Cal. Nov. 15, 2007) ..................................................................15

*In re Beaty*, 306 F.3d 915 (9th Cir. 2002) ...............................................................12

*J&J Sports Prods., Inc. v. Montanez*, 2010 WL 5279907 (E.D. Cal. Dec. 13, 2010) .............................................................................................................7, 8

*Kasky v. Nike*, 27 Cal. 4th 939 (2002).....................................................................13

*Kendall-Jackson Winery, Ltd. v. Super. Ct.*, 76 Cal. App. 4th 970 (1999). .............11

*Lehman v. United States*, 154 F.3d 1010 (9th Cir. 1998).........................................11

*McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352 (1995)...........................10

*O'Sullivan v. AMN Services, Inc.*, Case No. 12–02125, 2012 WL 2912061 (N.D. Cal. July 16, 2012) .......................................................................17

*Perma Life Mufflers, Inc. v. Int'l Part Corp.*, 392 U.S. 134 (1968)........................10

*Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046 (N.D. Cal. 2004)........6, 8, 9

*Racick v. Dominion Law Assocs.*, 270 F.R.D. 228 (E.D.N.C. 2010) ........................7

*Resolution Trust Corp. v. Thomas*, 1995 U.S. Dist. LEXIS 6071 (D. Kan. Apr. 26, 1995) ..................................................................................................................13

*Simmons v. Navajo County*, 609 F.3d 1011 (9th Cir. 2010)....................................8

*Solis v. Zenith Capital, LLC*, 2009 U.S. Dist. LEXIS 43350 (N.D. Cal. May 8, 2009) ..............................................................................................................12

*Sun Microsystems v. Dataram Corp.*, No. CIV. 96-20708 SW, 1997 U.S. Dist. LEXIS 4557 (N.D. Cal. Feb. 4, 1997) ...............................................................11

*United States v. King Features Entm't, Inc.*, 843 F.2d 394 (9th Cir. 1988)............11

*Va. Pharmacy Bd. v. Va. Consumer Council*, 425 U.S. 748 (1976)........................14

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010)......................16

*Wyshak v. City Nat'l Bank*, 607 F.2d 824 (9th Cir. 1979)..................................6, 8

## RULES AND STATUTES

Fed. R. Civ. P. 8 .................................................................................6, 16, 17
Fed. R. Civ. Proc. 12 .........................................................................7, 8, 16
Fed. R. Civ. Proc. 81 .........................................................................9, 16
Cal. Civ. Proc. Code § 430 ...............................................................17
Cal. Civ. Proc. Code § 431 ...............................................................17, 18
Cal. Civ. Proc. Code § 435 ...............................................................17
Cal. Civ. Code § 3294 .......................................................................14
Cal. Bus. & Prof. Code § 17205 .......................................................14

## OTHER AUTHORITIES

Hon. Robert I. Weil & Hon. Ira A. Brown, Jr., California Practice Guide: Civil Procedure Before Trial ¶ 7:35 (The Rutter Group 2011).....................................17

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.     INTRODUCTION.**

This Court should strike the improper Answer filed by Defendants Fuhu, Inc. and Fuhu Holdings, Inc. ("Fuhu" or "Defendants") to Plaintiff Scott Miller's Complaint, since it includes a laundry list of sixty-three separate affirmative defenses, none of which are asserted with *any* factual support.  Most of them, furthermore, even if factually supported, would provide no "defense" to any asserted cause of action.  As explained below, such a boilerplate defensive practice is improper under federal law, and would be improper even if the case had not been removed to this court. Defendants' affirmative defenses should therefore be stricken.

### **II.     STATEMENT OF FACTS.**

Plaintiff filed this class action in state court against Defendants on July 2, 2014. (See Notice of Removal, Ex. A.)  Plaintiff alleges six causes of action against Defendants: (1) violation of the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*; (2) violation of the False Advertising, Business and Professions Code § 17500, *et seq.*; (3) fraud, deceit, and/or misrepresentation; (4) breach of express warranty; (5) violation of the Song-Beverly Consumer Warranty Act, Civil Code §§ 1790, *et seq.*; and (6) deceptive and unlawful trade practices, in violation of Business and Professions Code § 17200, *et seq.*

On August 1, 2014, Defendants filed their Answer to the Complaint in state

court. (*See* Notice of Removal ¶ 9 & Ex. E.) Instead of specifically denying the individual allegations of the Complaint, the Answer contains a "general denial" as to "each and every allegation, statement, matter and purported cause of action contained in the Complaint." (*Id.*) In addition, the Answer sets forth sixty-three affirmative defenses, none of which contain any facts supporting their applicability. (*Id.*)

On August 5, 2014, Defendants removed Plaintiff's action to this Court. (*See generally* August 5, 2014, Notice of Removal of Action ("Notice of Removal").)

After reviewing Defendants' Answer, Plaintiff's counsel contacted Defendants' counsel and requested that Defendants amend their Answer to allege facts sufficient to provide Plaintiff with notice of their defenses and the grounds upon which they rest. Defendants agreed to stipulate to the withdrawal (without prejudice) of 15 of the affirmative defenses.[1] But although Plaintiff provided Defendants with legal authority supporting its request and a draft of this Motion, Defendants refused to withdraw or amend the remaining 48 affirmative defenses.[2]

As explained below, federal law requires defendants to articulate the specific bases for affirmative defenses. Because Defendants have not provided any facts to support their remaining defenses, they must be stricken as improper. Without more

---

[1] These are the Second, Sixth, Fifteenth, Sixteenth, Eighteenth, Nineteenth, Twenty-First, Twenty-Third, Twenty-Fifth, Twenty-Sixth, Twenty-Eighth, Twenty-Ninth, Thirtieth, Sixtieth, and Sixty-Third.

[2] These are the First, Third through Fifth, Seventh through Fourteenth, Seventeenth, Twentieth, Twenty-Second, Twenty-Fourth, Twenty-Seventh, Thirty-First through Fifty-Ninth, and Sixty-First through Sixty-Second.

detail, it is not possible for Plaintiffs to understand the nature of the defenses or to prepare to rebut them, and the continued maintenance of vague defenses will vastly increase the scope and expense of discovery. It is irrelevant that Defendants filed their Answer in state court prior to removal, because (1) Rule 8 governs now that the case has been removed, just as it would on a motion to dismiss the complaint, and (2) even if the case were still in state court, California law would require that affirmative defenses be pled with specificity.

## III.   ARGUMENT.

### A.   The Federal Standard for Granting a Motion to Strike Affirmative Defenses.

It is axiomatic that "[a]ffirmative defenses are governed by the same pleading standard as complaints." *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004). More specifically:

> Federal Rule of Civil Procedure 8 governs pleading whether by complaint or answer. Rule 8(c) specifically addresses affirmative defenses and requires that a party "affirmatively state any avoidance or affirmative defense" in the responsive pleading. Fed. R. Civ. P. 8(c)(1). In pleading an affirmative defense, a defendant must comply with Rule 8's requirement of a "short and plain" statement to give the opposing party fair notice of the defense and the grounds upon which it rests. [*Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir.

1979)] ("The key to determining the sufficiency of pleading an

affirmative defense is whether it gives plaintiff fair notice of the

defense."); *see also Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647,

649 (D. Kan. 2009) (holding that Rule 8 requires a "short and plain"

statement so as to give the opposing party fair notice).

*Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal.

2010). As courts have noted, "what is good for the goose is good for the gander,"

and "'it makes neither sense nor is it fair to require a plaintiff to provide the

defendant with enough notice that there is a plausible, factual basis for [his or] her

claim under one pleading standard and then permit a defendant under another

pleading standard simply to suggest that some defense may apply in the case.'"

*Racick v. Dominion Law Assocs.*, 270 F.R.D. 228, 233 (E.D.N.C. 2010).

Federal Rule of Civil Procedure 12 permits courts to "strike from a pleading

an insufficient defense." Fed. R. Civ. Proc. 12(f). Generally speaking, a motion to

strike will only be granted if the insufficiency of the defense is "clearly apparent."

*J&J Sports Prods., Inc. v. Montanez*, 2010 WL 5279907 at *1 (E.D. Cal. filed Dec.

13, 2010). This means *either* that the defense is "insufficient as a matter of law" *or*

that it has been "insufficiently pled." *Id.*

On the one hand, a defense is insufficient as a matter of law if "'there are no

questions of fact, [] any questions of law are clear and not in dispute, and [] under

no circumstances could the defense succeed.'" *Id.* (quoting *Ganley v. County of San*

*Mateo*, 2007 WL 902551 at *1 (N.D. Cal. Mar. 22, 2007)). A defense has been insufficiently pled, on the other hand, if it "fails to provide [the] plaintiff with fair notice of the defense asserted." *J&J Sports Prods., Inc.*, 2010 WL 5279907 at *1; *see also Simmons v. Navajo County*, 609 F.3d 1011, 1023 (9th Cir. 2010) (explaining that "'[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense'") (quoting *Wyshak*, 607 F.2d at 827); *Qarbon.com*, 315 F. Supp. 2d at 1048 (stating that "[a] defense may be struck if it fails to provide 'fair notice' of the basis for the defense") (citing *Advanced Cardiovascular Sys., Inc. v. Scimed Sys., Inc.*, 1996 WL 467277 at *3 (N.D. Cal. July 24, 1996)). Plaintiff contends that Defendants' affirmative defenses fail to lay any factual foundation and, therefore, fail to provide him with fair notice. Accordingly, these defenses are insufficiently pled, and they should be stricken pursuant to Rule 12.[3]

## B. Defendants' Affirmative Defenses Do Not Provide Plaintiff with Fair Notice.

Rather than providing Plaintiff with fair notice of the defenses asserted as required by the Federal Rules of Civil Procedure, in pleading their "affirmative defenses," Defendants simply refer to legal doctrines and provide no explanation or

---

[3] Of course, given that "the purpose of pleading an affirmative defense is simply to give fair notice . . . of the defense being asserted," *J&J Sports Prods., Inc.*, 2010 WL 5279907 at *1, Plaintiff is not requesting that the defenses be struck with prejudice. Instead, Plaintiff is merely requesting that the defenses be struck as currently pled and that Defendants be required to file a new answer specifying the factual bases, if any, therefor.

support of their defenses. There are no allegations explaining **why** any of these defenses applies to the case, let alone any facts alleging the specific elements constituting each defense. As explained in *Qarbon.com Inc.*—a case in which the court struck the affirmative defenses of waiver, estoppel, and unclean hands—this is not enough. *See Qarbon.com Inc.*, 315 F. Supp. 2d at 1049 (stating that "[a] reference to a doctrine, like a reference to statutory provisions, is insufficient notice" and that, "[b]ecause [the defendant] simply refers to the doctrines without setting forth the elements of its affirmative defenses, [it] does not provide 'fair notice' of its defenses"). Each of Defendants' "affirmative defenses" is defective for this reason as explained below.

Defendants' first (failure to state a cause of action), twelfth (no violation of statutory right), thirteenth (no injury or damage) and fifty-first (no prejudgment interest) defenses are not affirmative defenses; they are nothing more than general denials.  Likewise, Defendants' eighth and forty-seventh affirmative defenses, respectively, assert that: (i) Plaintiff has not suffered any losses and Defendants have not been unjustly enriched and (ii) Defendants' conduct was not "unlawful," "unfair," or "fraudulent"; these too are merely general denials. "The role of an affirmative defense under Rule 8(b) and (c) is to set forth additional matters beyond the four corners of the complaint constituting an 'avoidance' to a well-pled claim. That is, a proper affirmative defense presumes that a claim has been stated and avers that, even so, additional circumstances bar or mitigate the claim." *EEOC &*

*Gutierrez v. Interstate Hotels, L.L.C.*, 2005 U.S. Dist. LEXIS 45000 at *5-6 (N.D. Cal. April 14, 2005). To put it another way, these are not affirmative defenses because they are merely statements that Plaintiff will be allegedly be unable to carry his burden of proof, not matters on which Defendants have the burden to affirmatively prove to avoid liability. *See also Barnes*, 718 F. Supp. 2d at 1174 ("failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [the plaintiff's] prima facie case").

Defendants' third (unclean hands), fourth (waiver, estoppel, and consent), fifth (laches), eleventh (privilege) and twenty-seventh (lack of privity) affirmative defenses are unintelligible.  Defendants fail to identify what causes of action these defenses are alleged applicable to and why they are applicable. Defendants provide no notice of how they allege Plaintiff waived anything, why he is estopped, what was the nature of the delay, what he did wrong, what he consented to, or what prejudice Defendants suffered.  Nor is the alleged "consent" described as written or oral.  Nor is there any allegations to identify what type of privilege they assert is applicable or why.

Indeed, no facts whatsoever are pled to support any of these defenses.  For example, in order to establish unclean hands, Defendants must establish that Plaintiff engaged in "reprehensible conduct in the course of the transaction at issue." *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 360 (1995) citing *Perma Life Mufflers, Inc. v. Int'l Part Corp.*, 392 U.S. 134, 138 (1968)). In order to

-11-

maintain an "unclean hands" defense, defendant must allege that plaintiff has engaged in some type of "inequitable conduct" and that such conduct "relates to the subject matter of [plaintiff's] claims." *See Brother Records, Inc. v. Jardine*, 318 F.3d 900, 909 (9th Cir. 2003) (setting forth elements of defense of unclean hands). The purpose of the defense is to "prevent[] a wrongdoer from enjoying the fruits of his transgression." *Kendall-Jackson Winery, Ltd. v. Super. Ct.*, 76 Cal. App. 4th 970, 978-79 (1999). Defendants do not and cannot make any such allegations.

Likewise, "[w]aiver is the intentional relinquishment of a known right with knowledge of its existence and the intent to relinquish it." *United States v. King Features Entm't, Inc.*, 843 F.2d 394, 399 (9th Cir. 1988). Defendants again fail to allege which rights Plaintiff waived. Nor do Defendants allege facts showing that Plaintiff knew of such rights and/or intended to relinquish them.

Additionally, to establish equitable estoppel, Defendant must show that: "(1) the party to be estopped knows the facts, (2) he or she intends that his or her conduct will be acted on or must so act that the party invoking estoppel has a right to believe it is so intended, (3) the party invoking estoppel must be ignorant of the true facts, and (4) he or she must detrimentally rely on the former's conduct." *Lehman v. United States*, 154 F.3d 1010, 1016 (9th Cir. 1998); *see also Sun Microsystems v. Dataram Corp.*, No. CIV. 96-20708 SW, 1997 U.S. Dist. LEXIS 4557 at *4 (N.D. Cal. Feb. 4, 1997) (holding that a party must plead each element of estoppel to survive a motion to strike.) Defendants have not met their pleading

obligations, and there are no facts that would support such a pleading.

Similarly, "[t]he affirmative defense of laches requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *In re Beaty*, 306 F.3d 915, 926 (9th Cir. 2002) (internal quotation marks omitted). Defendants have also not alleged facts demonstrating that Plaintiff (or anyone on his behalf) lacked diligence or that Defendants were prejudiced by that alleged lack of diligence.

Defendants' seventh affirmative defense, "failure to mitigate," fails because there is no duty to mitigate damages on any claim pled by Plaintiff.

Defendants' ninth (speculative damages), tenth (statute of limitations), fourteenth (lack of standing), seventeenth (third party), and twenty-second (contributory negligence) affirmative defenses lack any legal or factual support. *See, e.g. Solis v. Zenith Capital, LLC*, 2009 U.S. Dist. LEXIS 43350 at * 9 (N.D. Cal. May 8, 2009) (holding that the legal conclusion that the complaint "is barred by the applicable statutes of limitation," is inadequate to provide "fair notice" of this defense.)  For example, Defendants fail to allege why Plaintiff's damages are speculative, the applicable statute of limitations, or why Plaintiff lacks standing. Further, "standing" is purely a legal question, on which Plaintiff has the burden of proof, not an "affirmative defense." *See Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259 (E.D. Cal. 1987).  Likewise, Defendants fail to allege what third party (or parties) caused Plaintiff's injuries or how Plaintiff's actions

contributed to his injuries.  To properly plead a comparative fault defense, at a minimum, Defendants must identify the factual basis upon which their affirmative defense rests and identify the persons to which they wish to attribute fault. *See Resolution Trust Corp. v. Thomas*, 1995 U.S. Dist. LEXIS 6071, at *6-7 (D. Kan. Apr. 26, 1995).

Defendants' twentieth (failure to plead fraud/misrepresentations with particularity) and thirty-first (failure to join necessary/indispensable parties) defenses are not affirmative defenses and are properly raised by motions.

Defendants' twenty-fourth (offset) and fifty-seventh (cure) affirmative defenses are missing required factual and/or legal allegations. Defendants failed to allege what value they assert Plaintiff received for the Nabi tablet he purchased. Likewise, Defendants do not allege what "correction, replacement, or cure" that they allegedly made.

Defendants' thirty-second (unconstitutional as class action), forty-eighth (violation of Due Process clause) fiftieth (taking), fifty-third (due process – punitive damages), and sixty-second (unconstitutional) affirmative defenses are legally and factually unintelligible.  There are no allegations to support the assertion of these defenses.  For example, Defendants fail to provide notice as to how they alleges their constitutional rights are affected by the maintenance of a representative action or how "under the facts and circumstances of this case" a representative action would violate their rights.  Further, it is well established that companies have no

Constitutional right to label their products in a manner that is false and/or likely to deceive members of the public. *See Kasky v. Nike*, 27 Cal. 4th 939, 951, 953 (2002) (holding that "[u]ntruthful speech, commercial or otherwise, has never been protected for its own sake.") *citing Va. Pharmacy Bd. v. Va. Consumer Council*, 425 U.S. 748, 771 (1976).

Defendants' thirty-third through forty-fourth affirmative defenses are not defenses to Plaintiff's causes of action, but rather, grounds to oppose a motion for class certification; they have no place in the answer.

Defendants' forty-fifth affirmative defense asserts that Plaintiff is not entitled to equitable relief because he has adequate remedies at law. The existence of alternate remedies does not affect a claim under section 17200, which is intended to be in addition to, and cumulative of, other relief. *See Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 174-75 (2000); Cal. Bus. & Prof. Code § 17205 ("remedies or penalties provided by this chapter are cumulative to each other and to the remedies or penalties available under all other laws of this state").

Defendants' forty-ninth affirmative defense (impermissible remedies) is unintelligible because the Complaint does not seek the identified damages.

Defendants' fifty-second (punitive damages not warranted) and fifty-sixth (failure to file proper CLRA affidavit) affirmative defenses fail to allege any legal or factual support.  In particular, as to the fifty-second defense, Defendants fail to identify what provision(s) of California Civil Code 3294 support their claims or

what factual basis they allege. As to the fifty-sixth defense, although Plaintiff

submitted a CLRA affidavit with the Complaint, Defendants fail to allege

deficiencies, if any, with that affidavit.

  Defendants fail to provide notice in their fifty-fourth affirmative defense,

failure to comply with notice requirements, whether Defendants allege that Plaintiff

did in fact fail to provide proper notice as required by the Consumer Legal

Remedies Act.  Likewise, Defendants fail to notify Plaintiff in their fifty-fifth

affirmative defense if they assert that Plaintiff is not a "consumer."

  Defendants' fifty-eighth affirmative defense, "warranties were limited," is

not a defense; Plaintiff does not claim that Defendants' warranties were unlimited.

  Defendants' fifty-ninth affirmative defense, failure to notify of breach of

warranty, does not notify Plaintiff of the factual basis of this defense.  In particular,

Defendants do not allege what they claim constitutes "reasonable" time or when

Plaintiff "knew or should have known" of the defect.  Likewise, Defendants' sixty-

first affirmative defense appears to be duplicative.  Defendants do not allege which

of Plaintiff's claims (other than those based on warranties) to which this defense is

applicable.

  In sum, based on the bare-bones nature of the defenses, Plaintiff has no idea

of what their factual bases are, let alone against which claims Defendants are

planning on asserting them.  *See Hynix Semiconductor Inc. v. Rambus Inc.*, 2007

U.S. Dist. LEXIS 97677, at *44 (N.D. Cal. Nov. 15, 2007) ("This sort of bare bones

pleading" has been held to fail "to provide fair notice."). Things are made even more difficult by the class-wide nature of Plaintiff's claims, and he should not be forced to pursue expensive, possibly fruitless discovery as to himself and the classes regarding Defendants' affirmative defenses without some demonstration that Defendants are entitled to raise them in the first place. Plaintiff should not be forced to spend his time poring over obtuse defenses that have no factual support. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (explaining that the purpose of a Rule 12 motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial"). How can Plaintiff even begin proper discovery without an understanding of what Defendants' true defenses actually are? Consequently, the Court should strike Defendants'' Answer and order the filing of a new Answer that properly apprises Plaintiff of Defendants' defenses.

### C. The Requirement To Plead Facts Supporting Each Defense Exists Even Though The Answer Was Filed Before Removal.

Defendants may attempt to argue that, because they filed their Answer prior to removal, they are not required to comply with Rule 8. Rule 81 of the Federal Rules of Civil Procedure, however, expressly empowers courts to order that parties re-plead after removal. *See* Fed. R. Civ. Proc. 81(c)(2). Such re-pleading is particularly warranted here, where Defendants filed their Answer with the state court only three days before filing their Notice of Removal. (*See* Notice of Removal

¶ 9.)

Further, regardless of whether an answer complies with "state law procedural requirements at the time it was filed," once removed to federal court, the answer is "required to conform with the requirements of the Federal Rules of Civil Procedure and in particular, Rule 8(c)." *O'Sullivan v. AMN Services, Inc.*, Case No. 12–02125, 2012 WL 2912061 (N.D. Cal. July 16, 2012) (applying federal law and striking answer for failure to state factual allegations in support of its affirmative defenses).

In any event, even if California law—as opposed to federal law—applied to determining the sufficiency of Defendants' affirmative defenses, the result would be the same: The defenses would be stricken. In this regard, California law permits challenges to a defendant's answer, including challenges to the affirmative defenses raised therein. *See* Cal. Civ. Proc. Code §§ 430.20 (stating that "[a] party against whom an answer has been filed may object[] by demurrer . . . upon . . . the . . . ground [that t]he answer is uncertain," e.g., that it is "ambiguous and unintelligible"), 431.30(g) (stating that "defenses shall be separately stated[] and [that they] shall refer to the causes of action which they are intended to answer"), 435(b) (stating that "[a]ny party, within the time allowed to respond to a pleading [including an answer] may serve and file a notice of motion to strike the whole or any part thereof"); *see also* Hon. Robert I. Weil & Hon. Ira A. Brown, Jr., California Practice Guide: Civil Procedure Before Trial ¶ 7:35 (The Rutter Group 2011) (explaining that "[a] demurrer can be an effective tool for eliminating

'boilerplate' affirmative defenses that often appear in answers (e.g., 'waiver,' 'estoppel,' 'unclean hands,' etc.)" and that "[a] demurrer may be made on the ground of failure to plead sufficient facts to constitute a defense").)

As under federal law, California law requires that any defense in an answer be averred with facts "'as carefully and with as much detail as the facts which constitute the cause of action . . . alleged in the complaint.'" *FPI Dev., Inc. v. Nakashima*, 231 Cal. App. 3d 367, 384 (1991). As explained above, Defendants' conclusory defenses state no facts whatsoever. Indeed, Defendants fail even to designate to which specific claims the defenses apply, in contravention of section 431 of the California Code of Civil Procedure. The defenses therefore fail under California law, and they should be stricken by the Court.

## IV.   CONCLUSION.

The speculative and conclusory nature of Defendants' Answer serves only to delay the efficient resolution of this action. This contravenes the purpose behind the Federal Rules of Civil Procedure, and it thwarts Plaintiff's right to fair notice of Defendants' defenses. Plaintiff's Motion should therefore be granted, and all of Defendants' affirmative defenses should be stricken.

DATED: August 21, 2014           **GUTRIDE SAFIER LLP**

                                 By: */s/ Marie A. McCrary*
                                 MARIE A. MCCRARY

                                 Attorneys for *Plaintiff*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Motion to Strike Defendants' Answer to Plaintiff's Complaint; Mem. of Points & Auth. in Support