UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-06119-CAS(ASx) | Date | September 22, 2014 |
|---|---|---|---|
| Title | SCOTT MILLER V. FUHU INC., ET AL. | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Seth Safier   Keith Sipprelle

**Proceedings:**   PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES (Filed 08/21/14)[8]

## I.   INTRODUCTION & BACKGROUND

On July 7, 2014, plaintiff Scott Miller filed a class action complaint against defendants Fuhu, Inc. and Fuhu Holdings, Inc. (collectively, "defendants") in Los Angeles County Superior Court. Dkt. 1. The complaint alleges claims for (1) violation of the California Consumers Legal Remedies Act, Cal. Civil Code § 1750, *et seq.* ("CLRA"); (2) violation of California's False Advertising Law, Cal. Bus. Prof. Code § 17500, *et seq.* ("FAL"); (3) fraud, deceit, and/or misrepresentation; (4) breach of express warranty; (5) violation of the Song-Beverly Consumer Warranty Act, Cal. Civil Code §§ 1790, *et seq.* ("CWA"); and (6) violation of California's Unfair Competition Law, Cal. Bus. Prof. Code §§ 17200 ("UCL"). Id. Defendants filed an answer in state court on August 1, 2014. Id. On August 5, 2014, defendants filed a timely notice of removal on the basis of diversity jurisdiction. Id.

On August 21, 2014, plaintiff filed a motion to strike defendants' forty-eight affirmative defenses. Dkt. 8.[1] Defendants filed an opposition on August 29, 2014, dkt. 11, and plaintiff replied on September 8, 2014, dkt. 15.[2] If the Court chooses to strike the

---

[1] Defendants' answer contains sixty-three affirmative defenses. Dkt. 1. Before plaintiff filed the instant motion, defendants agreed to withdraw fifteen of these defenses without prejudice. Mot. Str. 6; Opp'n Mot. Str. 3.

[2] In their opposition, defendants withdraw without prejudice their fifty-sixth affirmative defense (failure to file a proper CLRA affidavit). Opp'n Mot. Str. 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-06119-CAS(ASx) | Date | September 22, 2014 |
|---|---|---|---|
| Title | SCOTT MILLER V. FUHU INC., ET AL. | | |

affirmative defenses, plaintiff requests that the Court provide defendants with leave to amend. Mot. Str. at 9. The Court held a hearing on September 22, 2014. Having considered the parties' arguments, the Court finds and concludes as follows.

## II.  LEGAL STANDARD

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The Court may also strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Eng'rs, 502 F.2d 559, 560 (8th Cir.1974). The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F.Supp. 1450, 1478 (C.D.Cal.1996).

## III.  DISCUSSION

Plaintiff contends that defendants' affirmative defenses "fail to lay any factual foundation and, therefore, fail to provide [plaintiff] with fair notice." Mot. Str. at 9. Plaintiff also contends that many of the defenses asserted are not actually "affirmative defenses" and should be stricken accordingly. See generally Mot. Str.

Contrary to plaintiff's assertion, defendants' first affirmative defense—failure to state a cause of action—is an affirmative defense. However, the Court finds that the following defenses are merely variations on this first affirmative defense: speculative damages (No. 9); no violation of statutory right (No. 12); no injury or damage (No. 13); lack of standing (No. 14); failure to plead fraud/misrepresentations with particularity (No. 20); lack of privity (No. 27); injunctive relief barred (No. 46); conduct not "unlawful," "unfair," or "fraudulent" (No. 47); Cal. Bus. & Prof. Code section 17200 - violation of due process (No. 48); impermissible remedies (No. 49); taking (No. 50); no prejudgment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**           'O'

| Case No. | 2:14-cv-06119-CAS(ASx) | Date | September 22, 2014 |
|---|---|---|---|
| Title | SCOTT MILLER V. FUHU INC., ET AL. | | |

interest (No. 51); failure to comply with notice requirements (No. 54); non-consumer claims fail (No. 55); and cure (No 57). Because these defenses are redundant, the Court GRANTS plaintiff's motion to strike defendants' affirmative defenses listed in this paragraph.

Having reviewed defendants' answer, the Court finds that the following are not affirmative defenses, and are more appropriately addressed on a motion for class certification: unconstitutional as class action (No. 32); not competent plaintiff (No. 34); no class action (No. 35); adequacy or typicality requirements not met (No. 36); numerosity requirement not met (No 37); common questions of law and fact do not predominate (No. 38); superiority requirement not met (No. 39); lack of typicality (No. 40); lack of manageability (No. 41); differential knowledge (No. 42); loss of evidence (No. 43); prior judgments (No. 44); and adequate remedies at law (No. 45). Accordingly, the Court GRANTS plaintiff's motion to strike the defenses listed in this paragraph.

The Court finds that the following so-called affirmative defenses should not be stricken at this time because they are more appropriately addressed on a motion for summary judgment: no disgorgement or restitution available (No. 8); third party (No. 17); entitlement of separate trial (No. 33); and warranties were limited (No. 58). Accordingly, the Court DENIES plaintiff's motion to strike the defenses listed in this paragraph.

As to the remaining affirmative defenses, the Court finds that they provide fair notice to plaintiff. Accordingly, the Court DENIES plaintiff's motion to strike these defenses.

## IV.   CONCLUSION

In accordance with the foregoing, the Court GRANTS in part and DENIES in part plaintiff's motion to strike. For the sake of clarity, the following are the nineteen affirmative defenses that the Court declines to strike: failure to state a cause of action (No. 1); unclean hands (No. 3); waiver, estoppel, and consent (No. 4); laches (No. 5); failure to mitigate (No. 7); no disgorgement or restitution available (No. 8); statutes of limitations (No. 10); privilege (No. 11); third party (No. 17); contributory negligence (No. 22); offset (No. 24); failure to join necessary / indispensable parties (No. 31); entitlement of separate trial (No. 33); punitive damages not warranted (No. 52); due process - punitive damages (No. 53); warranties were limited (No. 58); failure to notify of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-06119-CAS(ASx) | Date | September 22, 2014 |
|---|---|---|---|
| Title | SCOTT MILLER V. FUHU INC., ET AL. | | |

breach of warranty (No. 59); failure to notify within reasonable time (No. 61); constitutional (No. 62). Defendants shall <u>not</u> have leave to amend.

The Further Scheduling Conference is continued to **July 13, 2015** at **11:00 A.M.** an Updated Joint Report shall be filed on or before July 6, 2015.

IT IS SO ORDERED.

|  |  | 00 | : | 07 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |